IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES MAY and ATLANTIC RESTAURANTS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 20-cv-3132 |
| JASON LINDSEY, | ) ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss Pursuant to *Forum Non Conveniens* (d/e 9) filed by Defendant Jason Lindsey. For the reasons stated below, the Motion to Dismiss (d/e 9) is DENIED.

**I. BACKGROUND**

The following facts are taken from the Defendant's Notice of Removal, Plaintiffs' Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and Plaintiff's Complaint. See d/e 5. Plaintiff James May is the president of Atlantic Restaurants, Inc., a plaintiff in this case, and is a 50% shareholder of Atlantic

Restaurants Inc. Id. at 41-42. Defendant Jason Lindsey is the current secretary of Plaintiff Atlantic Restaurants, Inc. and is a 50% shareholder of Atlantic Restaurants Inc. Id. at 42. Defendant Lindsey has been operating the Atlantic Store located at 1140 N. Military Highway, Suite 812, Norfolk, Virginia, pursuant to the Management and Operation Agreement dated April 1, 2017. Id. Defendant Lindsey is in charge of operations and management of the Atlantic Store and has sole control of any and all bank accounts of the Atlantic Store and Atlantic Restaurants, Inc. Id.

Additionally, Defendant Lindsey had been managing 21 restaurants in Virginia, Indiana, and South Carolina on behalf of Plaintiff May under the corporate entity Gem City Fresh Mex, Inc. ("Gem City"), which is owned solely by Plaintiff May. Id. at 43. Defendant Lindsey was in charge of the operations of 21 Gem City stores and had access to the company credit cards of Gem City and the personal credit cards of Plaintiff May. Id. Defendant Lindsey fraudulently charged the credit cards of Gem City and Plaintiff May as the charges were unrelated to the business of Gem City. Id. Most of the charges were related to Amazon. Id. at 43-44.

Defendant Lindsey was also in charge of the operation and management of a Gem City restaurant located at 1731 Gilbert Street, Norfolk, Virginia, referred to as "Store 1741," which was fully owned by Gem City.  Id. at 44.  Defendant Lindsey was directed to make deposits into an appropriate Gem City account for Store 1741.  Id.  However, Defendant Lindsey wrongfully diverted funds into an account under Lindsey's sole control that Plaintiff May could not access, which totaled approximately $55,000.  Id.  On May 1, 2020, Defendant Lindsey was terminated from Gem City for diverting funds and for the inappropriate credit card charges.  Id.

Plaintiff May determined that Atlantic Restaurants, Inc., which was managed by Defendant Lindsey, had not paid rent on a timely basis, resulting in past due rent of $21,721.89 as of May 5, 2020. Id. at 44-45.  Defendant Lindsey has also failed to pay bills totaling $7,038 for the Atlantic Store, which is his duty as a manager.  Id. at 45.

One of the Qdoba restaurants is operated by Atlantic Restaurants, Inc., and Kris Wardlaw is the general manager of that Qdoba restaurant.  Id.  Wardlaw was "never told to ring in EZ-Cater orders[,] which is inappropriate and illegal to not report sales tax on

those sales for Atlantic Restaurants, Inc. as this would result in misreporting sales/sales tax statements," which "was done at the direction of Jason Lindsey." Id.  Defendant Lindsey was also wrongfully paying online order fees for the Atlantic Store out of Gem City accounts.  Id.

Moreover, Defendant Lindsey operated Qdoba stores in Merrillville, Indiana and Highland, Indiana for Gem City.  Id. at 46.  The district manager of those Qdoba stores, Mauricio de Gortari, believes "money was pulled from the deposits without receipts from these stores," which "is evidence of further misappropriation of funds from Gem City by Jason Lindsey." Id.

Pursuant to the bylaws of the Atlantic Restaurant, Inc., Plaintiff May, as president, directed Defendant Lindsey to add May to all bank accounts of Atlantic Restaurants, Inc., including Atlantic Store and Store 1741, but Defendant Lindsey has failed to do so. Id.

Plaintiff May alleges that the unpaid bills and rent and deposits not properly accounted for violate the Agreement and result in Defendant Lindsey's termination pursuant to the Agreement.  Id. at 47.  Additionally, Defendant Lindsey's operation

of Gem City allegedly establishes criminal intent for the misappropriation of deposits and funds and misuse of credit cards, which also violates the Agreement.  Id.

In May 2020, Plaintiff May contacted Defendant Lindsey asking Lindsey to secure all accounts. Id. at 48.  Lindsey told May that Lindsey "had been held captive since Tuesday or Wednesday and did not remember anything since then."  Id.

Based on these allegations and the perceived harm, Plaintiffs May and Atlantic Restaurant, Inc. sought and obtained a temporary restraining order against Defendant Lindsey.  In May 2020, Plaintiffs filed a motion for temporary restraining order and a Complaint against Defendant Lindsey alleging a claim for injunctive relief, namely a temporary and permanent injunction, and an action for accounting in the Sangamon County, Illinois, Circuit Court, Case No. 2020-CF-108.  See Motion, d/e 5, p. 6, Complaint, d/e 5, p. 41-53.

On May 22, 2020, the Sangamon County, Illinois, Circuit Court issued a temporary restraining order.  See Notice of Removal, d/e 5, p. 2, 80.  Thereafter, a notice of removal was filed in this Court and, thus, created this case.  Id.

Defendant Lindsey filed a motion to dismiss pursuant to *forum non conveniens* (d/e 9) arguing that this case should be tried in Norfolk, Virginia because key witnesses live closer to Norfolk, Virginia. Plaintiffs contend the motion to dismiss should be denied because key witnesses and evidence are located nearest to this Court. See Response, d/e 11.

## II. JURISDICTION

District courts have original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Any civil action brought in state court may be removed to federal court if the action is one over which the district courts have original jurisdiction. 28 U.S.C. § 1441(a).

Complete diversity exists between the parties. Plaintiff James May is a citizen of Illinois. See Note of Removal, d/e 5. Plaintiff Atlantic Restaurants, Inc. is an Illinois corporation. Id. Defendant Jason Lindsey is a citizen of Indiana. Id. In addition, the amount in controversy exceeds $75,000 exclusive of interest and costs because, as stated in the Complaint, Plaintiffs seek damages in

excess of $75,000.  Id.  Accordingly, the Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1).

### III. LEGAL STANDARD

While Defendant filed a motion to dismiss pursuant to *forum non conveniens*, Congress has partially codified the doctrine of *forum non conveniens* in § 1404(a).  See 28 U.S.C. § 1404(a); see also Mueller v. Apple Leisure Corp., 880 F.3d 890, 894 (7th Cir. 2018) ("1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer.") (internal quotation marks omitted).  Pursuant to § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

"A district court may dismiss a case on *forum non conveniens* grounds when it determines that there are 'strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction.'"  Fischer v. Magyar Allamvasutak Zrt., 777

F.3d 847, 866 (7th Cir. 2015) (quoting <u>Abad v. Bayer Corp.</u>, 563 F.3d 663, 665 (7th Cir. 2009). The focus of the inquiry is on "the convenience to the parties and the practical difficulties that can attend the adjudication of a dispute in a certain locality." <u>Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.</u>, 549 U.S. 422, 429 (2007); <u>see</u> <u>also</u> <u>In re Ryze Claims Sols., LLC</u>, 968 F.3d 701, 707–08 (7th Cir. 2020) ("When deciding whether to transfer a case under § 1404(a), a district court therefore "must evaluate both the convenience of the parties and various public-interest considerations.").

"[W]hen an alternative forum has jurisdiction to hear a dispute, a case can be dismissed if trial in the plaintiff's chosen forum would be more oppressive to the defendant than it would be convenient to the plaintiff or if the forum otherwise creates administrative and legal problems that render it inappropriate." <u>Fischer</u>, 777 F.3d at 866; <u>see also</u> <u>In re Ford Motor Co., Bridgestone/Firestone N. Am. Tire, LLC</u>, 344 F.3d 648, 651 (7th Cir. 2003) ("The nonstatutory doctrine of *forum non conveniens* permits a case to be dismissed if trial in the plaintiff's chosen forum would be oppressive and vexatious to the defendant, out of all

proportion to the plaintiff's convenience, and if it is also true that an alternative foreign forum exists."). A court must assess the various private and public interest factors. See id. The defendant moving to dismiss based on *forum non conveniens* bears the burden of proof. Sinochem, 549 U.S. at 423 ("A defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.").

## IV. ANALYSIS

### A. The Alternative Forum in Norfolk, Virginia, Is Adequate.

A court must first assess whether the proposed alternative forum is adequate and available. Fischer, 777 F.3d at 867 ("A forum meets the adequate alternative forum requirement when the forum is both available and adequate."). Defendant Lindsey proposes the United States District Court for the Eastern District of Virginia, which is located in Norfolk, Virginia, as a proper forum. Plaintiffs did not contest that the Norfolk, Virginia forum would be inadequate or unavailable, and the Court does not foresee an issue of jurisdiction. Based on the arguments by Defendant Lindsey and the silence of Plaintiffs, the Court finds that the Norfolk, Virginia forum would be adequate and available to hear this case.

**B. A Balance of the Interests Weigh in Favor of Retaining the Case and Denying Defendant's Motion to Dismiss.**

"Where another adequate forum is available, to dismiss on *forum non conveniens* the district court must also balance the private interests of the parties and the public interests of the alternative forums and find that those balances favor a different forum."  Fischer, 777 F.3d at 868.  A court should focus on the private factors such as the "(1) relative ease of access to sources of proof; (2) availability of compulsory process and costs for attendance of witnesses; (3) possibility of view of premises, if appropriate; and (4) other practical issues, including ease of enforcement of any ultimate judgment." In re Factor VIII or IX Concentrate Blood Products Litig., 484 F.3d 951, 958 (7th Cir. 2007); see also Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010) ("With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum.").  The Court also notes that a plaintiff's chosen forum usually enjoys a strong presumption in its favor.  See In re Ford, 344 F.3d at 653.

Defendant argues that the restaurants at issue – the Qdoba restaurant, an Atlantic Store, and Store 1741 – are all located in Norfolk, Virginia. Defendant Lindsey also believes the personal bank account used by Defendant Lindsey to wrongfully divert funds, as alleged in the Complaint, is presumed to be a Chartway Credit Union located in Norfolk, Virginia, and that Plaintiff's prayer for relief requests Defendant Lindsey no longer operate any of the restaurants. Defendant also contends that all of his key witnesses are employees of restaurants located in Norfolk, Virginia, the banks referenced by Plaintiff in the Complaint are located in Norfolk, Virginia, and "the employee witnesses do not have the financial means to travel to Illinois even if compelled to do so." See Motion, d/e 9, p. 3.

In Defendant's reply brief, Defendant lists 20 witnesses who Defendant intends to call, all of whom are located in Virginia. Although Defendant lists the individual's name and what knowledge the individual possesses, Defendant does little more. For example, Defendant lists the following witnesses:

> A. Adnan Bajramaliu of Henrico, Virginia who has personal knowledge of banking discussions between the Plaintiff, James May . . . .

> C. Trina S. Douglas of Norfolk, Virginia.; direct knowledge of banking directives and dealings with Chartway Federal Credit Union (Norfolk).
> D. Monae Robinson of Norfolk, Virginia.; Shift Leader with direct knowledge of banking transactions.
> E. Andrew White of Norfolk, Virginia; Shift Leader with personal knowledge of banking practices.
> F. Wendy Guardado of Richmond, Virginia.; knowledge of banking procedures, policies and practices.
> G. Robert Krause of Norfolk, Virginia; personal knowledge of air conditioner repairs and invoicing . . . .

See Reply, d/e 12, p. 1. Defendant does not identify how Douglas' direct knowledge of banking directives and dealings with Chartway Federal Credit Union impact the case or who Robinson and White are and why their knowledge of banking transactions will be used.

In Plaintiffs' response, Plaintiffs identified the following witnesses: Plaintiff James May, resident of Quincy, Illinois; Ruth Willis, who is the bookkeeper of Atlantic Restaurants, Inc. and James May and is a resident of Quincy, Illinois; other Gem City employees who are located in Quincy, Illinois; Mauricio de Gortari, manager of the Qdoba locations in Indiana and resident of Indiana; Shawn Kromer, general manager of Fort Wayne, Indiana Qdoba where some money was diverted; and Jeremy Hultz, district manager in Peoria, Illinois, who has personal knowledge of Defendant's actions. See Response, d/e 11, p. 2. Plaintiffs also

state that the bank involved is Woodforest Bank, which is a national bank with its headquarters in Houston Texas, but Plaintiffs anticipate the bank officers who would testify are from Macomb, Illinois. Id. Plaintiffs also contend that individual employees from Norfolk stores are not necessary as witnesses and the bank records speak for themselves. Id. at 3.

The Court recognizes that some of the witnesses may be residents of Virginia because some of the restaurants Defendant manages or managed are located in Virginia. However, Plaintiffs have pled that Defendant also managed Gem City restaurants located in Illinois, Indiana, Iowa, and South Carolina, and Plaintiffs intend to "prove Defendant misappropriated funds from stores in each of those states and diverted money into the Atlantic Restaurants, Inc. bank account." Id. The Court finds that the witnesses will likely come from different states with most of the key witnesses being residents of Illinois or Indiana, including Defendant himself, which his closer to Illinois than Virginia. The Court presumes that some of the evidence will consist of banking documents, which will not require multiple out-of-state witnesses to testify in person, and testimony of key witnesses, such as Plaintiff

May and Defendant Lindsey. The Court will also try to accommodate any witnesses coming who reside in another state, including the use of video testimony. However, having some witnesses who reside in another state, alone, does not justify transferring this case to Virginia.

Additionally, Defendant argues that "[i]t is doubtful that a judge sitting in Illinois could restrain activity in Virginia *without domesticating that Order*" and that the litigation would continue after an order from an Illinois court, which would increase the costs and attorney's fees. See Motion, d/e 9, p. 3 (emphasis in original). However, Defendant does not explain how the Court does not have authority to issue an order restraining the parties before the Court nor does Defendant contest that this Court has jurisdiction over him. If Defendant is concerned about the return of funds, the Court has authority to direct the funds to be returned. Moreover, the employees of any restaurant owned or managed by Plaintiff Atlantic Restaurant, Inc. are subject to any order of this Court as agents of Atlantic Restaurant, Inc. Defendant also contends that if Defendant is required to defend in Illinois, "he will be denied Due Process of Law." See d/e 9, p. 3. Again, Defendant does not

explain how or why he will be denied due process of law. The Court does not foresee any practical or constitutional issues with a judgment entered by this Court.

Defendant did not make any argument that the public factors weigh in favor of dismissing the case. However, the Court must still assess them. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." <u>Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.</u>, 626 F.3d 973, 978 (7th Cir. 2010). When assessing the interest of justice element, courts consider factors such as "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." <u>Id.</u> In the traditional sense of assessing the doctrine of *forum non conveniens*, the relevant public factors include:

> the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the application of

> foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund, 589 F.3d 417, 425 (7th Cir. 2009).

The Court finds that the Central District of Illinois has an interest in having this local dispute decided within the Central District. Most of the alleged wrongdoing did not take place in Virginia, and Defendant previously worked and continues to work for a company who is incorporated in Illinois. The dispute involves multiple states, but the Central District of Illinois has the closest ties. The Agreement states that the Agreement and the rights and duties arising out the Agreement are governed by Illinois law. See d/e 5, p. 61. Therefore, the Court has an interest in having the trial in its jurisdiction, which "is at home with the law that must govern the action" and avoids "unnecessary problems in conflicts of laws" that would be present if a Virginia court heard this case. Stroitelstvo, 589 F.3d at 425.

Overall, the relevant factors favor this forum over the United States District Court for the Eastern Division of Virginia. Defendant has not met his burden of proving the case should be transferred.

## V. CONCLUSION

For the reasons stated, Defendant Lindsey's Motion to Dismiss Pursuant to *Forum Non Conveniens* (d/e 9) is DENIED.

**ENTERED: March 3, 2021**

**FOR THE COURT:**
          *s/ Sue E. Myerscough*
          **SUE E. MYERSCOUGH**
          **UNITED STATES DISTRICT JUDGE**